1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**, <br><br> Plaintiff, <br><br> v. <br><br> **CHJK Investment Company, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. <br><br> **Complaint For Damages And Injunctive Relief For Violations Of**: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Shirley Lindsay complains of Defendants CHJK Investment Company Inc. and AVJ Foods Inc.; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility.

2.  Defendant CHJK Investment Company, Inc., owned the real property located at or about 5044 Wilshire Blvd., Los Angeles, California ("Shopping

1

Complaint

Center"), in August 2015.

3.   Defendant CHJK Investment Company, Inc., owns the Shopping Center, currently.

4.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.   The Plaintiff went to the Shopping Center in August 2015 to eat at the Numero Uno restaurant.

Complaint

9.  The Shopping Center is a facility open to the public, a place of public accommodation, and a business establishment.

10. Parking spaces are one of the facilities, privileges and advantages offered by defendants to customers who visit the Shopping Center.

11. Unfortunately, although parking spaces were one of the facilities available to patrons of the Shopping Center, there were not accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) in August 2015.

12. On the day of plaintiff's visit in August 2015, there were two parking lots serving the Shopping Center.

13. In the west parking lot, there was one parking space designated for persons with disabilities. However, this designated accessible parking space was not compliant with the ADAAG. The parking stall had a cross-slope of 2.6% and a slope of 3.2%. The access aisle had a cross-slope of 6.8%. This parking space lacked the required "Minimum Fine $250" signage.

14. In the east parking lot, there are approximately 26 parking spaces total but only one parking space was designated for persons with disabilities. This parking space was not compliant with the ADAAG. This parking did not have an access aisle. It also did not display any signage whatsoever. Non-disabled persons can park in the supposedly handicap parking space or access aisle with impunity.

15. Currently, there are no accessible handicap parking spaces at the Shopping Center available for persons with disabilities that comply with the ADAAG.

16. Currently, there are two parking lots serving the Shopping Center.

17. Currently, in the west parking lot, there is one parking space designated for persons with disabilities. However, this designated accessible parking space is not compliant with the ADAAG. The parking stall has a cross-slope of 2.6% and a slope of 3.2%. The access aisle has a cross-slope of 6.8%. This parking space lacks the required "Minimum Fine $250" signage.

Complaint

18. Currently, in the east parking lot, there are approximately 26 parking spaces total but only one parking space is designated for persons with disabilities. This parking space is not compliant with the ADAAG. This parking does not have an access aisle. It also does not display any signage whatsoever. Non-disabled persons can park in the supposedly handicap parking space or access aisle with impunity

19. On information and belief, plaintiff alleges that more accessible parking spaces used to exist in the parking lot.

20. Unfortunately, the defendants had no policy to maintain the parking lot so that its parking spaces reserved for persons with disabilities were maintained in August 2015.

21. Currently, the defendants have no policy to maintain the parking lot so that its parking spaces reserved for persons with disabilities are maintained.

22. The plaintiff personally encountered these problems.

23. This inaccessible condition denied the plaintiff full and equal access and caused her difficulty and frustration.

24. Plaintiff would like to return and patronize the Shopping Center to visit the Numero Uno restaurant, as well as the other businesses in the Shopping Center.

25. Plaintiff lives in Los Angeles County and shops, eats, seeks services, and otherwise patronizes businesses throughout the County.

26. Plaintiff lives about 8 miles from the Shopping Center.

27. The Shopping Center is conveniently located for plaintiff.

28. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations

Complaint

that could be made to provide a greater level of access if complete removal were not achievable.

30. Plaintiff is and has been deterred from returning and patronizing the Shopping Center because of her knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Shopping Center as a customer once the barriers are removed.

31. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

32. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

5

Complaint

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, §

Complaint

502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2 Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility ( ) in white on a blue background. *Id.* It cannot be smaller than 70 square inches and must be mounted so that there is a minimum of 80 inches from the bottom of the sign to the parking space. *Id.* Signs must be posted so that they cannot be obscured by a vehicle parking in the space. *Id.* An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. *Id.* Another sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. *Id.* Additionally, the surface of the handicap parking stall must have a profile view of a wheelchair occupant ( ) that is 36 inches by 36 inches. *Id.* And the surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. *Id*. Here, no "NO PARKING" lettering, no fine language, no signage in front of the parking space, and the parking simply failed to comply.

36. Here, none of the parking spaces meet those requirements.

37. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 26 spaces, it must have 2 accessible parking spaces. 1991 Standards § 4.1.2(5)(a). Under the 2010

Complaint

1    Standards, a parking lot with 26 spaces must have 2 accessible spaces. 2010

2    Standards § 208.2 and 1 of them must be van accessible. Id. at 208.2.4.

3        38. Here, there was just one parking space ostensibly reserved in the east

4    parking lot serving the Shopping Center and it was not van accessible.

5        39. A public accommodation must maintain in operable working condition

6    those features of its facilities and equipment that are required to be readily

7    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

8        40. Here, the failure to ensure that the accessible facilities were available and

9    ready to be used by the plaintiff is a violation of the law.

10       41. Given its location and options, plaintiff will continue to desire to patronize

11   the Shopping Center but she has been and will continue to be discriminated

12   against due to the lack of accessible facilities and, therefore, seeks injunctive relief

13   to remove the barriers.

14

15   **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

16   **RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-

17   53)

18       42. Plaintiff repleads and incorporates by reference, as if fully set forth again

19   herein, the allegations contained in all prior paragraphs of this complaint.

20       43. Because the defendants violated the plaintiffs' rights under the ADA, they

21   also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code §

22   51(f), 52(a).)

23       44. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

24   discomfort or embarrassment for the plaintiffs, the defendants are also each

25   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

26

27       **PRAYER**:

28

8

Complaint

1      Wherefore, Plaintiff prays that this court award damages and provide relief

2  as follows:

3      1. For injunctive relief, compelling defendants to comply with the Americans

4  with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not

5  invoking section 55 of the California Civil Code and is not seeking injunctive

6  relief under the Disabled Persons Act at all.

7      2. Damages under the Unruh Civil Rights Act which damages provide for

8  actual damages and a statutory minimum of $4,000.

9      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to

10  42 U.S.C. § 12205; Cal. Civ. Code § 52.

11

12  Dated: May 23, 2016              CENTER FOR DISABILITY ACCESS

13

14                                  By: _____

15                                  _____
                                    Mark Potter, Esq.
                                    Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Complaint